## Hilbert, Appellant, *v.* Roth.

Argued January 6, 1959. Before JONES, C.J., MUS-MANNO, JONES, COHEN and McBRIDE, JJ.

*Jack E. Feinberg*, with him *Martin H. Philip* and *George M. Berg*, for appellant.

*David E. Mellenberg*, with him *Walker & Walker*, for appellee.

OPINION BY MR. JUSTICE McBRIDE, March 20, 1959:

Plaintiff, Richard P. Hilbert, was injured when his automobile was struck by another car driven by Dale Rutz, who died as a result of the accident. At the time of the accident Rutz was unlawfully racing with the defendant Frederick Roth. Plaintiff sued the Rutz Estate for compensatory damages and Roth for both compensatory and punitive damages. The two cases were consolidated for trial. During the joint trial the trial judge felt that the awkwardness of the application of the dead man's rule only to the Rutz case required withdrawal of a juror as to Roth. The trial proceeded against the Rutz Estate resulting in a verdict for the plaintiff in the sum of $10,000. Judgment was entered on the verdict. Later it was paid and plaintiff caused the judgment to be marked satisfied of record.

Subsequent to the satisfaction of the judgment against the Rutz Estate, Roth, claiming that he was thereby discharged from liability, petitioned the court for an order directing discontinuance of the action against him. This order was granted. Thereafter, on plaintiff's petition, a rule was issued for reconsideration of the order of discontinuance. After hearing,

the court below reaffirmed its previous order and discharged the rule.

Plaintiff contends, on appeal, that under Sections 3 and 4 of the Uniform Contribution Among Tortfeasors Act of 1951, July 19, P. L. 1130 (12 P.S. §§2084, 2085) he is entitled to proceed against the defendant Roth.

It is clear that under the common law of Pennsylvania plaintiff could bring separate actions against several defendants for a joint trespass, obtain judgment against each and issue execution on the one he found most satisfactory; but once he received satisfaction, and either gave a release or satisfied the judgment of record, he could not thereafter execute or bring action against any other defendant. *Fox v. Northern Liberties,* 3 W. & S. 103; *Seither v. Phila. Traction Co.,* 125 Pa. 397, 17 Atl. 338. The bar to the second suit has been held to apply not only where there was joint negligence, but in any case, whether negligence was joint, concurrent, or successive, in which the prior defendant was liable for the same injury. *Thompson v. Fox,* 326 Pa. 209, 192 Atl. 107.

The Contribution Among Tortfeasors Act defines "joint tortfeasor" as follows (12 P.S. §2082) : "For the purpose of this act, the term 'joint tortfeasors' means two or more persons jointly or severally liable in tort for the same injury to persons or property, whether or not judgment has been recovered against all or some of them."

Therefore, since neither the existence of the common law bar to the second action nor the application of the Contribution Act depends upon whether the negligence of the defendants was joint, concurrent, or successive, no consideration of the joint or several nature of the negligence here is necessary. The pertinent sections of the act upon which we must rest our decision are: "Section 3. The recovery of a judgment

by the injured person against one joint tortfeasor does not discharge the other joint tortfeasors." "Section 4. A release by the injured person of one joint tortfeasor, whether before or after judgment, does not discharge the other tortfeasors unless the release so provides, but reduces the claim against the other tortfeasors in the amount of the consideration paid for the release or in any amount or proportion by which the release provides that the total claim shall be reduced if greater than the consideration paid."

Plaintiff contends that the phrase "recovery of a judgment" in §3 means, not simply the rendition of a judgment, but includes satisfaction thereof. He argues that the legislative purpose was to change the common law in this respect and that if §3 did not accomplish this change in the common law it would be useless. He adds to this argument the contention that in §4 of the act the legislature changed the common law as to releases. This he says is evidence of intention to do away with the prior law both as to satisfactions and releases, particularly since the law previously treated releases and satisfactions alike. We do not accept these contentions.

Had the legislature intended to include satisfaction of a judgment in §3 it could readily have said so. This act, it must be remembered, was drafted by the Commissioners on Uniform State Laws whose choice of words we must believe to have been careful and deliberate. When a deliberate attempt is made to codify and make uniform the conflicting common law of the several states on a difficult subject it is far from unusual and, indeed, the part of wisdom specifically to declare and restate the existing rules which are intended to be retained. The statute was not drafted for this commonwealth alone but in the hope that it would be uniformly adopted throughout the United States.

The Uniform Contribution Among Joint Tortfeasors Act of 1939, which was the basis for the Act of 1951, was revised in 1955 by the Commissioners, and as the court below says: "This revised legislation clearly indicates that the intent of the Commissioners has been all along that the law relative to the *satisfaction* of a judgment had not been changed. Section 3(e) of the proposed legislation is as follows: 'The recovery of a judgment for an injury or wrongful death against one tortfeasor does not itself discharge the other tortfeasors from liability for the injury or wrongful death unless the judgment is satisfied. The satisfaction of the judgment does not impair any right of contribution.' 9 Uniform Laws Annotated, pocket parts, Sec. 3, p. 17.

"The Commissioners' note to this subsection is as follows: 'Judgment Against One Tortfeasor. This was Section 3 of the 1939 Act. It simply states the well established rule that the injured party in obtaining judgment against one joint torfeasor does not thereby discharge the others, although there may, of course, be but one satisfaction of the claim.' "

Nor does the joint construction of §§3 and 4 lead us to the plaintiff's conclusion. Having been so specific with respect to types and circumstances of releases in §4 one should expect that had the legislature desired what plaintiff now contends for it would have been equally specific in §3. It was not.

It is not at all unreasonable that releases and satisfactions should be treated differently. A release, even after entry of a judgment, may well be the result of a compromise for less than the full value of the plaintiff's claim. This is especially so where more than one tortfeasor may be held responsible, for the one seeking to be released by compromise would not readily pay more than his own proportionate share of the damages knowing that other tortfeasors were available

to pay their share. Hence we believe that in §4 the legislature quite reasonably enacted that such a release is not a discharge of other tortfeasors unless it specifically so states. See *Raleigh v. Peterson,* 165 F. Supp. 47 (M.D. Pa. 1958).

With respect to a satisfaction of judgment, however, particularly where, as here, it follows an adversary trial in which plaintiff proved his damages, it may more safely be assumed that the judgment does represent the true value of the claim and therefore, when the plaintiff has it marked satisfied of record, the common law assumption that he is satisfied may reasonably be permitted to operate. It is true that prior to the Act of 1951 the law of Pennsylvania did treat releases and satisfactions of judgments alike. *Anstine v. Pennsylvania Railroad,* 352 Pa. 547, 43 A. 2d 109. However, we may not deviate from the plain language of the statute simply because it leads us to conclude that the legislature, while changing the law in respect of one of them, failed to change it in respect of the other. This is particularly so where the distinction seems an entirely reasonable one as we have pointed out above.

We are aware that the Supreme Court of Rhode Island in construing its identical statute reached an opposite result. That Court held in *Hackett v. Hyson,* 72 R.I. 132, 48 A. 2d 353: "In such a situation, if the Legislature intended 'recovery of a judgment' in sec. 3 to mean merely rendition of the judgment in favor of the injured person, then it accomplished nothing by declaring that recovery of a judgment against one joint tortfeasor did not discharge the other joint tortfeasors, as that was already the law. On the other hand, if it intended the words 'recovery of a judgment', to mean actual recovery on the judgment and not mere rendition of the judgment, then it did accomplish some-

thing, namely, the reversal of the common-law rule that the satisfaction by one joint tortfeasor of the judgment discharged the other joint tortfeasors."

We cannot accept the conclusion that in failing to change the common law the legislature accomplished nothing. In addition, the common law rule of Rhode Island and Pennsylvania had not been the rule in all states. See Prosser, Torts, 242 (1955); Commissioners' Note to §3, Uniform Contribution Among Joint Tortfeasors Act, 9 ULA 241 (1939).

Our attention is also drawn to the lower court decision in *Albero v. Redd*, 7 D. & C. 2d 1. That decision seems inapplicable in view of the fact that the primary element of the compromise in that case was a release even though for extraneous reasons the court directed satisfaction of the original judgment which was entered by virtue of the compromise. *Albero v. Redd* must be confined to its interpretation of §4 of the act.

Finally, plaintiff contends that he is entitled to proceed against Roth for his punitive damages even though precluded on his claim for compensatory damages. It is well recognized that no award for punitive damages may be made where actual damage has not been suffered. *Hygenic Fleeced Underwear Co. v. Way*, 35 Pa. Superior Ct. 229, 235 (1908); *Benson v. Pennsylvania R. Co.*, 66 Pitts. L. J. 350 (1918); Restatement, Torts, §908, comment (c). In this case actual damage has been suffered but none for which plaintiff can now bring action against Roth. The right to punitive damages is a mere incident to a cause of action—an element which the jury may consider in making its determination— and not the subject of an action in itself. *Hygenic Fleeced Underwear Co. v. Way*, supra; 25 C.J.S. 713-14 and cases cited therein. See *MacHolme v. Cochenour*, 109 Pa. Superior Ct. 563, 167 Atl. 647 (1933); *Stricklen v. Pearson Construction Co.*, 169 N. W. 628 (Iowa

1918). Hence, since plaintiff no longer has a cause of action of which his claim for punitive damages may be an element, that claim must fail.

The judgment of the court below is hereby affirmed.

Mr. Justice MUSMANNO dissents.