## Kiefer v. Lutz

*Arthur C. Dale*, for plaintiff.

*William W. Litke* and *Litke, Gettig & Raycroft*, for defendant.

CAMPBELL, P. J., December 2, 1963.—Plaintiff filed an action for disparagement of an interest in real property, commonly known as an action of slander of title. An abbreviated statement of facts is as follows.

Plaintiff claims that he is the lessee of certain coal lands in West Keating Township, Clinton County. On September 30, 1960, he contracted with the Pioneer Excavating Company, Inc., who is not a party to this suit, to mine the coal thereon. Mining operations were begun by the Pioneer Excavating Company, Inc., and on October 19, 1960, defendant ordered it to cease working and get off the land, contending that the land belonged to him, defendant, and that the same did not

belong to plaintiff's lessor. As a result, the party engaged to conduct the mining operation ceased and refused to continue its work resulting in loss of profits to plaintiff.

Defendant has filed preliminary objections to plaintiff's complaint and the same are now before the court for disposition.

To properly dispose of all of the preliminary objections raised by defendant would require a treatise on the action of disparagement or slander of title. Counsel for defendant has called our attention to an excellent note on the subject in the Dickinson Law Review, 65 Dickinson Law Review 145 (1960-61). We would suggest that plaintiff's counsel familiarize himself with the questions therein discussed in order that the pertinent issues in this litigation can be defined and squarely raised for adjudication.

We shall briefly dispose of the procedural questions raised by the pleadings. Defendant complains that plaintiff has not attached a copy of his lease with the record title holder of the land in question. A careful examination of the pleadings indicates that the gist of the action is based on the conduct of defendant, not on any written document. Since the action is in trespass and is not based on a contract, or in this case the written lease, we believe that the writing need not be attached. See Commentary, Pa. R. C. P. 1019 (h).

Defendant also complains that plaintiff has not identified the land other than 2,000 acres owned by Esther R. Bridgens in West Keating Township, Clinton County. Since plaintiff contends that defendant slandered the title covered by its lease, the land ought to be more properly and specifically identified. This is particularly true since we perceive that a factual situation will develop where both defendant and plaintiff's lessor claim the same land. Plaintiff, however, need not attach an abstract of title for the land of his lessor. This liti-

gation cannot serve as an action of ejectment or an action to quiet title as one alleged record title holder is not a party of record.

Plaintiff avers that he made a contract with a third party, Pioneer Excavating Company, Inc., to actually mine the coal. Since this contract was executed prior to the alleged slander by defendant, we see no reason to require it to be attached as an exhibit. Again, this suit is not based on this contract. If relevant at all, it could only be evidentiary with respect to the question of damages. In this connection we call to the attenton of counsel for plaintiff the case of Paull v. Halferty, 63 Pa. 46. We do not decide that plaintiff's remedy is under his contract with the pioneer Excavating Company, Inc., but the provisions of this contract may be material evidence at the trial of the action.

The preliminary objections of defendant raised, we think, another vital defect in plaintiff's complaint in that the actual words constituting the offense of slander of title must be pleaded. Since truth is a defense the pleadings ought to set forth with particularity the exact words of slander: Young v. Geiske, 209 Pa. 515; Hygienic Fleeced Underwear Company v. Way, 35 Pa. Superior Ct. 229.

It would further appear that the slanderous words must pertain to some hidden matter and not to facts which are available or known to the defendant: Fleming v. McDonald, 230 Pa. 75. It is also noted that it is a well-established principle that malice is an essential element of an action for damages for slander of title, and that in the absence of proof of such malice no action can be maintained. See Annotations, 129 A. L. R. 179 and Pennsylvania cases therein cited.

Numerous objections to plaintiff's complaint involve the issue of relevancy and materiality of plaintiff's allegations. We believe many to be such but prefer to

dispose of the same at the time of trial should proof thereof be offered.

Since plaintiff will be required to file an amended complaint, we respectfully urge that the essential facts be pleaded in a concise manner and free from duplication, reiteration and from irrelevant matters. This we believe to be especially true on the theory of damages which must be actual damages directly resulting from defendant's actions.

For these reasons defendant's preliminary objections are sustained and plaintiff is allowed 30 days in which to file an amended complaint or suffer judgment of non pros.

And now, December 2, 1963, an exception is noted and bill sealed for plaintiff.