451 A.2d 1378

**Dennis Raymond RHOADS, Tamar A. Dombach, Jacob E. Lopp and Sandra Jean Helm**

v.

**Eric E. HEBERLING, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 4, 1981.
Filed Oct. 22, 1982.

36

John McCrea, III, Newville, for appellant.

John H. Broujos, Carlisle, for appellees.

Before BROSKY, POPOVICH and MONTGOMERY, JJ.

POPOVICH, Judge:

This is an appeal from judgments entered against appellant, Eric Heberling, who intentionally fired eight bullets from a semi-automatic rifle into an automobile occupied by the four appellees. We affirm.

On August 18, 1978, a vehicle which was owned and operated by appellee-plaintiff, Dennis Rhoads, was parked on a side road in Cumberland County, Pennsylvania. Appellant-defendant, Eric Heberling, while wearing a camouflage suit and brandishing a rifle, aimed and shot his rifle into Rhoads' automobile and continued shooting as the automobile was driven down the road. At this time, Rhoads' automobile was occupied by three other individuals. They were appellees, Sandra Helm, Jacob Lopp, and Tamar Dombach. Two of the appellees received physical injuries. Tamar Dombach was struck six times in the buttocks with fragments of a shattering bullet. Pieces of the metal still remain in her body. Sandra Helm suffered a slight scratch across her lower back, but received no medical attention.

As a result of the incident, appellees filed an action in trespass seeking both compensatory and punitive damages. A jury trial was held, and verdicts were returned in favor of all appellees. Tamar Dombach received $60.00 for medical expenses incurred, $600.00 for pain and suffering and mental anguish and $750.00 for punitive damages. Sandra Helm was awarded $400.00 for pain and suffering and mental anguish and $750.00 for punitive damages. The other two individuals were awarded no compensatory damages for pain and suffering or mental anguish; however, Dennis Rhoads received $446.47 for damages appellant caused to his vehicle. Both Dennis Rhoads and Jacob Lopp, however, received $750.00 for punitive damages. Post-trial motions were filed and denied by the court en banc, and this appeal followed.

In this appeal, appellant raises two issues. He first contends that the trial court erred when it instructed the jury that (1) it could award punitive damages to the appellees-plaintiffs even if no compensatory damages were awarded, and (2) the amount awarded as punitive damages need not bear any relationship to the actual damages awarded. We must reject appellant's contentions.

The pertinent portion of the complained of jury instruction reads as follows:

"The last thing that I have to define for you is this phrase called punitive damages. Each plaintiff has asked the jury in this particular case to include as part of the damages for each plaintiff punitive damages. If you find in this case that the defendant's conduct was a substantial factor in bringing about harm to the plaintiffs, and if you find that the conduct of the defendant was outrageous, you may award punitive damages as well as any compensatory damages in order to punish the defendant for his conduct and to deter the defendant and others from the commission of like acts.

There was also in the definition of mental anguish that I have given to you the word outrageous. The meaning of outrageous in that term is the same as is required for punitive damages.

A person's conduct is outrageous when he acts with a bad motive or when he acts with reckless indifference to the interests of others. If you decide in this case that any or all of the plaintiffs are entitled to an award of punitive damages, the amount of such damages then must be fixed by you.

In doing so, you may consider any or all of the following factors: One, you may consider the character of the defendant's act in this particular case. You may consider the nature and extent of the harm to the plaintiffs which the defendant caused or intended to cause.

*The amount that you assess as punitive damages need not bear any relationship to the amount you choose to award as compensatory damages. It is not necessary that you award compensatory damages to the plaintiffs or any one of the plaintiffs in order to assess punitive damages against the defendant so long as you find in favor of the plaintiff and against the defendant on the question of liability.*

The amount of punitive damages awarded must not be the result of passion or prejudice against the defendant on your part. The sole purposes of punitive damages, and the only purpose for which you may make an award and set an amount of punitive damages is to punish the defendant's outrageous conduct and to deter the defendant and others from the commission of like acts. Ordinary negligence as I have defined it to you will not support an award of punitive damages.

Just to go back over this with you again. I realize that hearing these phrases for the first time could cause lawyers difficulty. I will just go back over these with you again.

All of the damages and all of the four verdict slips are compensatory damages except punitive damages. The burden of proof is on the plaintiff in proving compensatory damages in all cases except the two men, where they are asking for damages for mental anguish, to prove negligence on the part of the defendant and to prove that

this negligence was a substantial factor or was [the] cause of bringing about the harm to the plaintiffs. If they have met that burden of proof, then they are entitled to verdicts for the compensatory damages.

For the compensatory damages of mental anguish as far as the two young men are concerned, the burden of proof is that the plaintiff must show that the conduct of the defendant was extreme and outrageous and was done intentionally or recklessly, and that it did cause severe emotional distress to both of these male plaintiffs or to one of these male plaintiffs. It is not necessary that bodily harm result in considering the assessment of damages for mental anguish as far as the two male plaintiffs are concerned.

Punitive damages, I have just covered with you. Remember that this requires that the plaintiff prove that the conduct of the defendant was outrageous as I have defined that term to you. Remember again, the purpose of punitive damages is to punish outrageous conduct and to deter the defendant and others from the commission of like acts. . . ."

In Re: Jury Charge, 9/25/80 at 11–13. (Emphasis added).

Under the circumstances of this case, we conclude that the trial court did not err when it instructed the jury on punitive damages.

Initially, we must set forth the governing principles of law:

"Pennsylvania has adopted the rule of punitive damages as set forth in § 908 of the Restatement of Torts and the comments thereunder. Section 908(1) provides: ' "Punitive damages" are damages other than compensatory or nominal damages awarded against a person to punish him for his outrageous conduct.' " *Focht v. Rabada,* 217 Pa. Super. 35, 38, 268 A.2d 157, 159 (1970). *Accord Johnson v. Pilgrim Mutual Insurance Company,* 284 Pa.Super. 314, 324, 425 A.2d 1119, 1124 (1981).

Additionally, we note that portions of the trial court's charge were verbatim from the Pennsylvania Supreme Court Committee for Proposed Standard Jury Instructions.[1]

According to appellant, the cases in Pennsylvania reject a particular section of the commentary found under § 908, comment c.

Before examining this claim, we must review the comment in context:

"c. **Extent and nature of harm.** In the earliest cases in which punitive damages were allowed, the plaintiffs suffered no substantial harm, or at least no physical or financial harm appeared. These were cases in which public officials were guilty of outrageously oppressive conduct. Punitive damages are today awarded when there is substantial harm and when there is none. Although as stated in Comment e, the extent of the harm may be considered in determining their amount, *it is not essential to the recovery of punitive damages that the plaintiff should have suffered any harm, either pecuniary or physical.*

Thus an award of nominal damages (see § 907) is enough to support a further award of punitive damages, when a tort, such as a trespass to land, is committed for

---

1. The proposed instructions read as follows:
"If you decide that the plaintiff is entitled to an award of punitive damages, the amount of such damages must be fixed by you. In doing so you may consider any or all of the following factors: (1) the character of the defendant's act, (2) the nature and extent of the harm to the plaintiff which the defendant caused or intended to cause [in this regard you may include the plaintiff's trouble and expense in seeking to protect his interests in legal proceedings and in this suit] (3) the wealth of the defendant insofar as it is relevant in fixing an amount which will punish him (it), and deter him (it) and others from like conduct in the future. [The amount you assess as punitive damages need not bear any relationship to the amount you choose to award as compensatory damages, and] it is not necessary that you award compensatory damages to the plaintiff in order to assess punitive damages against the defendant so long as you find in favor of the plaintiff and against the defendant on the question of liability." Pennsylvania Standard Jury Instructions 14.02 (Civil), Subcommittee Draft (September 26, 1976).

an outrageous purpose, but no significant harm has result-ed.

Compensatory damages in a trifling amount and sub-stantial punitive damages in the same verdict are not necessarily inconsistent. *It is essential, however, that facts be established that, apart from punitive damages, are sufficient to maintain a cause of action.* Thus a nonharmful unauthorized dealing with another's chattel, if not amounting to a dispossession, does not give rise to a cause of action and the fact that it was done with a bad motive is immaterial. On the other hand, in torts like malicious prosecution that require a particular antisocial state of mind, the improper motive of the tortfeasor is both a necessary element in the cause of action and a reason for awarding punitive damages.

In many cases in which compensatory damages include an amount for emotional distress, such as humiliation or indignation aroused by the defendant's act, there is no clear line of demarcation between punishment and com-pensation and a verdict for a specified amount frequently includes elements of both."[2] (Emphasis added.)

More specifically, appellant contends

"that Pennsylvania does adhere to the portion of Com-ment c which reads: 'It is essential ... that facts be

---

**2.** Comment e states:

"e. **Amount of damages.** In determining the amount of punitive damages, as well as in deciding whether they should be given at all, the trier of fact can properly consider not merely the act itself but all the circumstances including the motives of the wrongdoer, the relations between the parties and the provocation or want of provocation for the act. (See § 921). In addition, the extent of harm to the injured person can be considered by analogy to the doctrine of the criminal law by which the seriousness of a crime may depend upon the harm done, as when a battery with intent to kill results in mayhem or murder. Included in the harm to the plaintiff may be considered the fact that the plaintiff has been put to trouble and expense in the protection of his interests, as by legal proceedings in this or in other suits. (See § 914). The wealth of the defendant is also relevant, since the purposes of exemplary damages are to punish for a past event and to prevent future offenses, and the degree of punishment or deterrence resulting

established which, apart from punitive damages, are sufficient to maintain a cause of action', before a plaintiff can recover punitive damages. The cases . . . especially *Hilbert,* reject plaintiff's *literal interpretation* of the statement in Comment c that 'it is not essential to the recovery of punitive damages that the plaintiff should have suffered any harm, either pecuniary or physical.'" Brief for Appellant at 10 (Emphasis added).

We must reject appellant's contention for the following reasons.

Some confusion has existed in this area of the law because of certain language appearing in *Hilbert v. Roth,* 395 Pa. 270, 149 A.2d 648 (1959). In *Hilbert,* the plaintiff-decedent died as a result of an automobile accident which involved Dale Rutz and Frederick Roth, both of whom were drag racing at the time. Initially, plaintiff sued the Rutz estate for compensatory damages and also sued Roth for compensatory and punitive damages. A joint trial was held, and the trial court granted withdrawal of a juror as to Roth because of "the awkwardness of the application of the dead man's rule only to the Rutz case." *Id.,* 395 Pa. at 271, 149 A.2d at 650. The trial proceeded against the Rutz estate and resulted in a verdict of $10,000 for the plaintiff. Judgment was entered and satisfied. Defendant Roth then petitioned the court to discontinue the action as to him because judgment had been satisfied in the case. This petition was granted, and the plaintiff appealed.

Our Supreme Court held that under the Uniform Contribution Among Tortfeasors Act of 1951 the plaintiff could not proceed against Roth. The Act of July 19, P.L. 1130 (Repealed) Act of April 28, 1978, P.L. 202, No. 53, § 2(a) [1277], effective June 27, 1978; superceded by 42 Pa.C.S.A. § 8321, *et seq.* The Court then in examining the punitive damages issue stated the following:

"Finally, plaintiff contends that he is entitled to proceed against Roth for his punitive damages even though pre-

from a judgment is to some extent in proportion to the means of the guilty person."

cluded on his claim for compensatory damages. *It is well recognized that no award for punitive damages may be made where actual damage has not been suffered. Hygenic Fleeced Underwear Co. v. Way,* 35 Pa.Super. 229, 235; *Benson v. Pennsylvania R. Co.,* 1917, 66 Pittsb.Leg.J. 350; Restatement, Torts, Sec. 908, Comment (c). In this case actual damage has been suffered but none for which plaintiff can now bring action against Roth. The right to punitive damages is a mere incident to a cause of action— an element which the jury may consider in making its determination—and not the subject of an action in itself. *Hygenic Fleeced Underwear Co. v. Way,* supra; 25 C.J.S. Damages § 118, pp. 713–714 and cases cited therein. See *MacHolme v. Cochenour,* 1933, 109 Pa.Super. 563, 167 A. 647; *Stricklen v. Pearson Construction Co.,* 1918, 185 Iowa 95, 169 N.W. 628. Hence, since plaintiff no longer has a cause of action of which his claim for punitive damages may be an element, that claim must fail."
*Hilbert v. Roth,* 395 Pa. at 276, 149 A.2d at 652. (Emphasis added).

We are unable to agree with appellant that the above statement was meant to articulate the proposition that a jury cannot award punitive damages without awarding a specific amount as compensatory damages. We have examined the cases and other authority cited after the statement in *Hilbert,* and we conclude that they also do not support a contrary result.

In *Hygenic Fleeced Underwear Co. v. Way,* 35 Pa.Super. 229 (1907), plaintiff filed an action in slander against the defendant because of certain information which the defendant published in an advertisement. Because a slander action required proof of special damages, this Court stated that "[a]s that[, special damages,] is the gist of the action it is impossible to see how there can be a recovery in the absence of such allegation and proof." 35 Pa.Super. at 235.

The other case cited, *Benson v. Pennsylvania Railroad Company,* 66 P.L.J. 350 (1917) also is instructive. In *Benson,* the plaintiff sued in negligence for emotional distress caused

by the defendant, Pennsylvania Railroad Company, when the train in which he was riding carried him past his stop "without warning and without his knowledge." *Id.* at 350. The trial court stated the following:

> "It is conceded that *the plaintiff did not suffer any actual physical injury or financial loss and would not be entitled to recover compensatory damages, but he urges that he has the right to ask a jury to award punitive damages and therefore a non-suit could not be entered,* upon the theory that the acts of the defendant's employees amounted to an assault. That there can be no recovery in Pennsylvania for compensation for fear and mental agony wholly disconnected from actual physical injury is settled law, as shown by the opinion of Judge Corbet. It is also settled that this is not merely a rule which prohibited the recovery of damages but is accepted as a basic principle that there is no cause of action, evidently adopting the rule that there cannot be a recovery of nominal damages for mere negligence." *Id.* (Emphasis added.)

Hence, the court denied recovery because no action was cognizable under the state of the law of this Commonwealth.[3]

■ Thus, it is evident from a review of the cases that the Restatement view has been adopted in Pennsylvania. Under that view, "[i]t is essential ... that facts be established that, apart from punitive damages, are sufficient to maintain a *cause of action.*" Restatement 2d § 908, comment c (Emphasis added). Accordingly, the trial court did not err when it instructed the jury that it could award punitive damages to the plaintiffs, appellees in this case, even if no compensatory damages were awarded[4] since the court also

---

**3.** Our Supreme Court since has held that a plaintiff can recover damages for negligently caused mental trauma. *See e.g., Sinn v. Burd,* 486 Pa. 146, 404 A.2d 672 (1979) (plurality opinion).

**4.** Although appellant has brought to our attention federal cases which have addressed the issue presented in the instant case, we note that such case law is not controlling since the question is one of state law. *See Radar v. Pennsylvania Turnpike Commission,* 407 Pa. 609, 182 A.2d 199, 203 (1962).

told the jury that it first must "find in favor of the plaintiff and against the defendant on the *question of liability.*" In Re Jury Charge, 9/25/80 at 12. (Emphasis added).

■ Appellant next argues that the trial court erred when it instructed the jury that the amount of punitive damages awarded need not bear any relationship to the actual damages awarded. We must reject this contention as well. In this instance, the trial court's instruction is in accord with the Restatement on Torts, which we have stated previously has been adopted in Pennsylvania. It also is the view set forth in the Proposed Instructions of the Supreme Court Committee. See footnote 1, infra.

To begin with, our Supreme Court has summarized the governing principles accordingly:

"Under our decisions the jury fixes the amount of such damages (which are in no sense compensatory but purely penal in nature) *without yardstick,* subject only to reduction by the court if deemed excessive under the circumstances of the particular case. See *Voltz v. General Motors Acceptance Corporation,* 332 Pa. 141, 2 A.2d 697; *Mitchell v. Randal,* 288 Pa. 518, 137 A. 171; *Thompson v. Swank,* 317 Pa. 158, 176 A. 211." *International Electronics Co. v. N.S.T. Metal Products Co.,* 370 Pa. 213, 225, 88 A.2d 40, 46 (1952). *See generally* Comment 75 Dick.L.Rev. 585 (1971) (emphasis added).

Although the case law has not been free from ambiguity on whether some relationship must exist between the compensatory and punitive damages awarded,[5] a well known commentator, Prosser, has stated that the reasonable relationship rule "has meant little more than that under the particular circumstances these courts do not like the size of

---

5. *See e.g., Hughes v. Babcock,* 349 Pa. 475, 481, 37 A.2d 551, 554 (1944) ("Although there is no fixed rule governing the amount which should be awarded as exemplary damages, it must not be disportionate to the award of compensatory damages"); *Rider v. York Haven W & P. Co.,* 251 Pa. 18, 95 A. 803, 806 (1915) ("We know of no case in our own State where punitive damages were allowed in almost treble the amount of actual damage sustained".). *See generally,* 75 Dick.L.Rev. 585, supra.

some verdicts." Prosser, Handbook of the Law of Torts at 14 (4th ed. 1971).

Our Supreme Court, however, in addressing the reasonableness of an award for punitive damages, has articulated some guidelines and commented as follows:

"Appellant's final contention is that there was no evidence sustaining the award of punitive damages. ' "Punitive damages" are damages, other than compensation or nominal damages, awarded against a person to punish him for his outrageous conduct.' Restatement of Torts, Sec. 908(1). Comment b. to the above section states that 'punitive damages are awarded only for outrageous conduct, that is, for acts done with a bad motive or with a reckless indifference to the interests of others.' In *Hughes v. Babcock,* 349 Pa. 475, 37 A.2d 551 (1944), we said that exemplary damages must be based on ' "malicious", "wanton", "reckless", "willful", or "oppressive" conduct on the part of defendant'. *In determining whether punitive damages should be awarded, the act itself together with all the circumstances including the motive of the wrongdoer and the relations between the parties should be considered.* Restatement, Torts, Sec. 908, comment e; *Hughes v. Babcock,* supra."

*Chambers v. Montgomery,* 411 Pa. 339, 344, 192 A.2d 355, 358 (1963). *Accord Stevens v. Economy Bank of Ambridge,* 413 Pa. 442, 454 n. 6, 197 A.2d 721, 727 n. 6 (1964); *Edmond [Esmond] v. Liscio,* 209 Pa.Super. 200, 224 A.2d 793 (1966) (Emphasis added.)

 When applying these factors to the instant case, it is obvious that the punitive damages are supported by the evidence since appellant's unprovoked attack upon the appellees, in firing eight bullets from a semi-automatic rifle at a vehicle which was occupied by the four appellees, was reckless. *See* Restatement 2d § 908 comment (b) ("Reckless indifference to the rights of others and conscious action in disregard of them may provide the necessary state of mind

to justify punitive damages.")[6] Accordingly, the judgments entered will not be disturbed.

Order affirmed.

---

**6.** In analyzing whether an act is reckless, this Court has recognized the following Restatement principle:

"if the conduct involves a high degree of chance that serious harm will result, that fact, that he knows or has reason to know that others are within the range of its effect, is conclusive of his recklessness." *Focht v. Rabada,* 217 Pa.Super. at 38, 268 A.2d at 159 (quoting Restatement 2d § 600).

In the instant case, appellant's conduct "involved a high degree of chance that serious harm will result", and hence appellant "[h]ad reason to know that others [we]re within the range of [the rifle's] effect." *Id.*