555 A.2d 800

**Edward KIRKBRIDE and Carole Kirkbride, Appellants,**

**v.**

**LISBON CONTRACTORS, INC., Appellee.**

Supreme Court of Pennsylvania.

Argued April 14, 1988.

Decided March 3, 1989.

William H. Lamb, Westchester, for appellants.

Otis W. Erisman, David G. Battis, Philadelphia, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and STOUT, JJ.

## OPINION

ZAPPALA, Justice.

This appeal presents us with the opportunity to determine whether punitive damages must bear a reasonable relationship to compensatory damages which are awarded. The trial court followed the Pennsylvania Suggested Standard Civil Jury Instructions and charged the jury that no reasonable relationship was necessary. On appeal, the Superior

Court reversed, 357 Pa.Super. 322, 516 A.2d 1, relying in part upon our recent plurality opinion in *Martin v. Johns–Manville Corp.*, 508 Pa. 154, 494 A.2d 1088 (1985). Because of the confusion that has arisen due to conflicting decisions from both the Superior Court as well as this Court, we granted the petition for allowance of appeal.

The facts are rather simple. The appellants received a jury verdict for compensatory damages as well as punitive damages for injury to their land.[1] The damage to the appellants' property was caused by appellee's bulldozer being used to install a sewer line for the Uwchlan Township Municipal Authority of Chester County. At the conclusion of the trial, the judge instructed the jury as follows:

> The amount you assess as punitive damages need not bear any relationship to the amount you choose to award as compensatory damages, and it is not necessary that you award compensatory damages to the plaintiffs in order to assess punitive damages against the defendant so long as you find in favor of the plaintiffs, as we tell you to do, on the question of liability.

R. 408a. After deliberating, the jury returned a verdict of $7,000 in compensatory damages and $70,000 in punitive damages. The appellee filed post-trial motions which were denied.

On appeal, the Superior Court reversed, holding that the trial court erred in not instructing the jury that punitive damages must be reasonable and not disproportionate to compensatory damages. In so doing, the Superior Court relied upon earlier cases from this Court, the most recent of which is *Hughes v. Babcock*, 349 Pa. 475, 37 A.2d 551 (1944). The Court then concluded that since we have not overruled this line of cases, in general, and most recently followed them in *Martin v. Johns–Manville Corporation, supra*, that the reasonable relationship requirement was still viable. Because we disagree with the Superior Court's

---

1. The appellants recovered a second verdict for $12,000 for damage to their embankment. This second verdict is not at issue.

analysis regarding the continued viability of the reasonable relationship requirement, we reverse.

In *Hughes*, the plaintiff was hurled by the defendant across a 7½ foot hallway resulting in the plaintiff's arm being fractured. A jury returned a verdict in favor of the plaintiff in the amount of $2,500 compensatory damages and $5,000 in punitive damages. After the plaintiff agreed to a $2,000 remittitur of the punitive damages, the judgment was entered for $5,500. We affirmed the compensatory damages but reduced the punitive damages from $3,000 to $1,000. In doing so, we stated that punitive damages must bear a reasonable relationship to compensatory damages, but gave no legal or policy reasons why. In fact, we relied upon Section 908 of the Restatement of Torts and analyzed the verdict in conjunction with the factors set forth in Section 908(2).

Section 908(1) of the Restatement of Torts states that punitive damages are damages "... awarded against a person to *punish* him for his outrageous conduct." (emphasis added). In assessing punitive damages, the trier of fact may consider the character of the tortfeasor's act, the nature and the extent of his victim's harm and the wealth of the tortfeasor.

In *Hughes*, we relied upon Section 908 and particularly comment (e) in reducing the amount of punitive damages. While comment (e) does speak in terms of proportionality, the elements being compared are the wealth of the defendant and the seriousness of the acts committed. Thus if a wealthy person commits a rather heinous act, nominal punitive damages will not deter either that person or any other similarly situated person from committing a similar act. Therefore, when this Court required proportionality between compensatory and punitive damages in *Hughes*, we misconstrued comment (e) and substituted our own judgment for that of the jury in evaluating the factors set forth in Section 908. We will not perpetuate this misreading of the rule offered by the Restatement.

Having determined that *Hughes* misconstrued Section 908 of the Restatement of Torts and is, therefore, not controlling, we must look at cases since then to assess the viability of the reasonable relationship theory of punitive damages.

In *Hilbert v. Roth,* 395 Pa. 270, 149 A.2d 648 (1959), we stated that an award of punitive damages is not appropriate if actual damages have not been suffered. However, in *Hilbert* the plaintiff attempted to pursue an independent cause of action for punitive damages since the cause of action for compensatory damages had been dismissed. Since punitive damages are an element of damages arising out of the initial cause of action, if that cause of action is dismissed, the punitive damages which are incident to actual damages cannot stand.

The uniqueness of our holding in *Hilbert* was astutely perceived by the Superior Court in both *Rhoads v. Heberling,* 306 Pa.Super. 35, 451 A.2d 1378 (1982) and *Laniecki v. Polish Army Veterans Association,* 331 Pa.Super. 413, 480 A.2d 1101 (1984). In *Rhoads,* Superior Court affirmed a punitive damage award to two injured parties notwithstanding that neither party received any compensatory damages for personal injuries. In doing so, the Superior Court distinguished between an independent and a derivative action for punitive damages. If no cause of action exists, then no independent action exists for a claim of punitive damage since punitive damages is only an *element* of damages. To this extent, punitive damages must, by necessity, be related to the injury-producing cause of action. This does not mean, however, that specific compensatory damages must be awarded to sustain a punitive damage award. In *Hilbert,* when the underlying cause of action was dismissed, there existed no cause of action upon which the plaintiff could claim punitive damages. *Hilbert* is distinguishable from *Rhoads* in that in *Rhoads* damages were not awarded, however, liability was determined on the facts and punitive damages were awarded predicated upon the finding of liability.

Likewise, in *Laniecki*, the Superior Court affirmed a judgment of only punitive damages in a libel action. The jury had returned a verdict for the plaintiff and had awarded only punitive damages believing that the plaintiff's reputation had been satisfactorily reinstated, thereby negating any compensatory damages. In affirming the award, the Superior Court reviewed the record and concluded that the plaintiff sustained a cause of action for compensatory damages even though he did not receive a monetary award for them. However, once a cause of action was proven, the jury was permitted to award punitive damages as an element of damages incident to the cause of action. Even though compensatory damages had not been awarded, punitive damages could be appropriate, the critical factor being the establishment of sufficient evidence to sustain the cause of action.

Most recently this Court has reviewed the assessment of punitive damages in *Feld v. Merriam*, 506 Pa. 383, 485 A.2d 742 (1984) and *Martin v. Johns–Manville Corp., supra.* In *Feld*, this Court Adopted Section 908(2) of the Restatement (Second) of Torts. Section 908(2) states

(2) Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others. In assessing punitive damages, the trier of fact can properly consider the character of the defendant's act, the nature and extent of the harm to the plaintiff that the defendant caused or intended to cause and the wealth of the defendant.

Noticeably missing from Section 908(2) is any requirement that an award of punitive damages be proportional to compensatory damages. Section 908(2) sets forth three factors to be considered in awarding punitive damages: 1) the character of the act; 2) the nature and extent of the harm, and 3) the wealth of the defendant. It is for the jury to weigh these factors in arriving at an appropriate punitive damage award.

Finally, in *Martin,* a plurality decision, Justice Hutchinson, writing for himself and Justice Flaherty, stated that "in order to recover punitive damages the plaintiff must first prove actual compensatory damages.... (citations omitted). Any punitive damages which are awarded must then bear a reasonable relationship to those actual compensatory damages.... (citations omitted)." 508 Pa. at 173, 494 A.2d at 1098. The genesis for this theory appears to have arisen out of products liability litigation as an attempt to prevent a single plaintiff from receiving punitive damages owed to all consumers as the result of a defendant's decision to place a defective product on the market. In addition to the fact that this proposition did not command a majority, the harm it was intended to prevent is not present in this case. Therefore, any reliance upon *Martin* in the appeal *sub judice* would be misplaced.

█ If the purpose of punitive damages is to punish a tortfeasor for outrageous conduct and to deter him or others from similar conduct, then a requirement of proportionality defeats that purpose. It is for this reason that the wealth of the tortfeasor is relevant. In making its determination, the jury has the function of weighing the conduct of the tortfeasor against the amount of damages which would deter such future conduct. In performing this duty, the jury must weigh the intended harm against the tortfeasor's wealth. If we were to adopt the Appellee's theory, outrageous conduct, which only by luck results in nominal damages, would not be deterred and the sole purpose of a punitive damage award would be frustrated. If the resulting punishment is relatively small when compared to the potential reward of his actions, it might then be feasible for a tortfeasor to attempt the same outrageous conduct a second time. If the amount of punitive damages must bear a reasonable relationship to the injury suffered, then those damages probably would not serve as a deterrent. It becomes clear that requiring punitive damages to be reasonably related to compensatory damages would not only usurp the jury's function of weighing the factors set forth

in Section 908 of the Restatement (Second) of Torts, but would also prohibit victims of malicious conduct, who fortuitously were not harmed, from deterring future attacks.

■ We are, however, cognizant that at some point the amount of punitive damages may be so disproportionate when compared to the character of the act, the nature and extent of the harm and the wealth of the defendant, that it will shock the court's sense of justice. In those rare instances, the court is given discretion to remit the damages to a more reasonable amount. *See Sulecki v. Southeast National Bank*, 358 Pa.Super. 132, 516 A.2d 1217 (1986), (Olszewski, J., concurring). For these reasons, we conclude that the trial court properly instructed the jury on punitive damages.

Accordingly, the order of the Superior Court is reversed and the matter is remanded to that Court for disposition of the remaining issues.

FLAHERTY, J., files a dissenting opinion.

FLAHERTY, Justice, dissenting.

I dissent. This Court has always held that punitive damages must bear some reasonable relationship to compensatory damages, and I perceive no reason to depart from that requirement. See *Martin v. Johns–Manville Corp.*, 508 Pa. 154, 494 A.2d 1088 (1985) (Opinion Announcing the Judgment of the Court); *Hughes v. Babcock*, 349 Pa. 475, 37 A.2d 551 (1944); *Givens v. W.J. Gilmore Drug Co.*, 337 Pa. 278, 10 A.2d 12 (1940); *Thompson v. Swank*, 317 Pa. 158, 176 A. 211 (1934); *Mitchell v. Randal*, 288 Pa. 518, 137 A. 171 (1927). By requiring a reasonable relationship between punitive and compensatory damage awards, appellate courts are afforded a standard by which to review awards of punitive damages. Absent that standard, appellate review will be cast adrift, and jurors will be free to award punitive damages effectively unchecked by the appellate process.

The primary purpose of civil damage awards is to compensate for injuries sustained, rather than to impose punishment, for the latter is generally reserved for criminal law. To the extent that punitive damages are available in civil cases, they should not be permitted to serve as a vehicle for jurors to engage in an *unrestrained* venting of their punitive impulses. If, in any given case, a punitive damage award bears *no* reasonable relation to the harm suffered by the plaintiff, the award is per se shocking to the traditionally felt sense of justice and should not be sustained. ("To a reasonable creature, that alone is insupportable which is unreasonable; but everything reasonable may be supported." Epictetus, *Discourses* (2nd cent.)). The decision of the court below, requiring that punitive damage awards be reasonable in amount, should be sustained.