## Fechhelm v. Nazareth Mutual Insurance Co.

C.P. of Monroe County, no. 6874 Civil 1999.

*Lori J. Cerato,* for plaintiff.
*Bernard M. Billick,* for defendant.

CHESLOCK, *J.,* November 16, 2000—In September 1998, plaintiff, Dolores Fechhelm, learned that her property, which is located at 1304 Selig Road, Locust Lake Village, Monroe County, sustained severe and extensive water damage as the result of frozen pipes.[1] Shortly thereafter, plaintiff filed a claim for coverage pursuant to her homeowners' insurance policy with the defendant, Nazareth Mutual Insurance Company. In response to the claim filed by the plaintiff, the defendant hired Merrill Associates Property Loss Adjusters to evaluate the damage to plaintiff's property and its cause. Following this investigation, the defendant finally denied plaintiff's claim approximately 10 months later in June 1999.[2]

---

1. Plaintiff used her Locust Lake Village property as a seasonal residence and, at the time the water damage occurred, the property had been unoccupied for approximately one year in that the plaintiff had not occupied the property since September 1997. These dates are significant because the plaintiff's insurance policy contains an exclusion precluding coverage when the property is vacant or unoccupied. This court, however, is not obligated to determine the scope of coverage or the applicability or this exclusionary provision at this time. Rather, the court's current function is to rule upon plaintiff's motion to compel discovery.

2. In denying the plaintiff's claim, the defendant concluded that the water damage occurred because plaintiff either failed to maintain the property with sufficient heat and/or failed to shut off to the house and drain the pipes, which caused the pipes to freeze and burst. As stated in the preceding footnote, this court is not on a fact-finding mission at this juncture. Accordingly, we will not determine, which party is at fault for the water damage done to plaintiff's residence or the appropriateness of punitive damages in this bad faith action.

Following defendant's denial of plaintiff's claim pursuant to her homeowners' policy, plaintiff commenced a bad faith action[3] with this court on September 14, 1999. As permitted by section 8371, plaintiff is also seeking punitive damages. Consequently, plaintiff brings this current motion to compel discovery in an effort to obtain information regarding defendant's wealth to support her claim for punitive damages.[4] Specifically, the plaintiff seeks to propound and serve several interrogatories upon the defendant to ascertain its wealth and/or financial status. This court heard oral arguments on this matter on November 6, 2000, and we are now ready to dispose of plaintiff's motion.

Typically, the Pennsylvania Rules of Civil Procedure permit discovery that is broad and liberal. In particular, Rule 4003.1(a)states:

"Subject to the provisions of Rules 4003.2 to 4003.5 inclusive and Rule 4011, a party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of any party, including the existence, description, nature, content, cus-

---

3. See 42 Pa.C.S. §8371 (relating to legal actions involving insurance policies).

4. At the outset, this court notes that an individual's wealth or financial information can be obtained through discovery only upon an order of this court. Specifically, Pa.R.C.P. 4003.7 states:

"A party may obtain information concerning the wealth of a defendant in a claim for punitive damages only upon order of court setting forth appropriate restrictions as to the time of the discovery, the scope of the discovery, and the dissemination of the material discovered." Pa.R.C.P. 4003.7.

tody, condition and location of any books, documents or other tangible things and the identity and location of person having knowledge of and discoverable matter." Pa.R.C.P. 4003.1(a).

Additionally, Rule 4003.3 provides, in pertinent part:

"[A] party may obtain discovery of any matter discoverable under Rule 4003.1 even though prepared in anticipation of litigation or trial by or for another party or by or for that other party's representative, including by his or her attorney, consultant, surety, indemnitor, insurer or agent." Pa.R.C.P. 4003.1(a).

In further evaluating the scope of permissible discovery, we note that the standard for relevant interrogatories is greater than the standard applied at trial to determine the admissibility of evidence. See *e.g., Rosen v. Philadelphia National Bank,* 69 D.&C.2d 238, 239 (C.P. Philadelphia Cty. 1975). Thus, as the above language indicates, discovery under the Rules is generously allowed and generally, limitations and restrictions upon discovery are narrowly construed. See *e.g., Schwab v. Milks,* 8 D.&C.4th 557, 558 (C.P. Lackawanna Cty. 1990).

"In supervising discovery, [this court possesses] broad discretion to take such action as it deems appropriate to insure *prompt and adequate* discovery." *Iron Workers Saving & Loan Association v. IWS Inc.,* 424 Pa. Super. 255, 274, 622 A.2d 367, 377 (1993). (emphasis in original) Accordingly, this court controls the discovery and dissemination of information regarding a defendant's wealth and/or financial records with regard to an oppos-

ing party's claim for punitive damages. See Pa.R.C.P. 4003.7. See also, Pa.R.C.P. 212.1 (Explanatory comment of 1997). Moreover, when faced with a request for privileged financial records, "the manner and extent of the disclosure of the contents of such records still remains under the discretionary control of the trial judge." *Id.* Thus, this court is at liberty to determine which financial records the plaintiff may obtain through discovery.

The purpose of punitive damages is to punish and prevent a tort-feasor's outrageous conduct. It is well settled that in considering punitive damages, the trier of fact must not only consider the nature of the tort-feasor's act and his mindset but the wealth of the defendant as well. *Sprague v. Walter,* 441 Pa. Super. 1, 72, 656 A.2d 890, 920 (1995). It is for this reason that the wealth of a defendant is relevant in deciding whether to impose punitive damages in a given suit.[5] *Kirkbride v. Lisbon Contractors Inc.,* 521 Pa. 97, 103, 555 A.2d 800, 803 (1989). In evaluating a defendant's wealth when punitive damages are at issue, we conclude that the defendant's net worth is the most valid measure of a person's wealth and/or finances. *Sprague,* 441 Pa. at 72, 656 A.2d at 920. (internal citations omitted) An individual's net worth is

5. As stated by the Pennsylvania Supreme Court:

"In making its determination [as to punitive damages], the jury has the function of weighing the conduct of the tort-feasor against the amount of damages which would deter such future conduct. In performing this duty, the jury must weigh the intended harm against the tort-feasor's wealth." *Kirkbride v. Lisbon Contractors Inc.,* 521 Pa. 97, 103, 555 A.2d 800, 803 (1989).

"the amount by which assets exceed liabilities or the difference between total assets and liabilities of individual corporation, etc." *Id.* (citing Black's Law Dictionary 1041 (6th ed. 1990)). Thus, in our sound discretion, we conclude that the plaintiff may only obtain discovery of defendant's wealth and financial records to the extent that those questions pertain to the defendant's net worth.

In conclusion, it has always been the policy of this court to allow the liberal and free exchange of discoverable materials in an effort to expedite litigation and to adhere to the spirit of the discovery rules. However, when a party seeks to obtain inherently private and personal information, this court is obligated to exercise its authority to limit the scope of such discovery to protect this privacy. Therefore, it is with great caution that we grant the plaintiff's motion in part. After examining the interrogatories propounded by plaintiff and provided plaintiff's motion, this court, in its sound discretion, shall compel the defendant to answer only interrogatories no. 1 and no. 2 because the remaining interrogatories far exceed a scope of questions intended to ascertain the defendant's net worth.

Accordingly, we enter the following order:

## ORDER

And now, November 16, 2000, the plaintiff's motion to compel discovery is hereby granted with the following conditions:

(1) In accordance with Rule 4006(a)(2), defendant has 30 days from the date of this order to answer plaintiff's interrogatories;

(2) In accordance with Rule 4006(a)(2) and the discussion set forth above, defendant must prove full and complete responses to the plaintiff's interrogatories;

(3) In accordance with Rule 4009.12(a)(2), defendant has 30 days from the date of this order to produce or make available those documents and/or things requested by the plaintiff;

(4) The defendant shall answer only interrogatories no. 1 and no. 2 and produce any relevant documents sought in relation to those inquiries;

(5) The information disclosed and/or produced during such discovery is not to be disseminated or published to individuals or entities not directly involved with the proceedings before this court.