

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-11-2009

# Joseph Pacitti v. Richard Durr

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2105

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Joseph Pacitti v. Richard Durr" (2009). *2009 Decisions.* Paper 1881.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1881

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2105
_____

JOSEPH PACITTI; BEN CINQUEGRANA,

Appellants

v.

RICHARD E. DURR; JANE DOE
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 05-cv-317)
District Judge: Honorable Joy Flowers Conti
_____

Submitted Under Third Circuit LAR 34.1(a)
February 5, 2009

Before:  McKEE, JORDAN, and LOURIE*, *Circuit Judges.*

(Filed: February 11, 2009)
_____

OPINION OF THE COURT
_____

_____
    *Honorable Alan D. Lourie, Circuit Judge of the United States Court of Appeals for
the Federal Circuit, sitting by designation.

JORDAN, *Circuit Judge*.

Plaintiffs Joseph Pacitti and Ben Cinquegrana appeal an order from the United States District Court for the Western District of Pennsylvania granting summary judgment to Defendant Richard E. Durr on Pacitti's claims of defamation of character, invasion of privacy, and ethnic intimidation and on Cinquegrana's claim of defamation of character. Because the District Court correctly applied the law that the parties agreed was applicable to the Plaintiffs' claims and because we agree that there are no genuine issues of material fact, we will affirm.

I.      **Background**

The seeds of acrimony in this case can be described briefly. Pacitti and Durr both own condominiums in a community called "Seapointe," in Key Colony Beach, Florida. In March 2003, Durr was appointed President of the Seapointe Condominium Association Board of Directors. In that capacity, he wrote Pacitti a series of letters regarding matters related to the Association, and he included allegations that Pacitti had failed to timely pay his association fees, had made unapproved renovations to his condominium, and was violating the Seapointe guest policy. Durr mentioned these same issues in memoranda and letters he sent to other Seapointe unit owners. Pacitti alleges that Durr also searched public records regarding encumbrances on Pacitti's unit, entered Pacitti's unit without permission while it was being remodeled, and made a derogatory remark about Pacitti's Italian heritage after an Association meeting.

Cinquegrana owns a construction company that was hired by Pacitti and other unit owners to perform renovation projects at Seapointe. As President of the Board, Durr sent Cinquegrana letters concerning Association matters, including alleged damage to a Seapointe elevator and payment for engineering work performed at Seapointe by an associate of Cinquegrana's. Cinquegrana also alleges that, during a face-to-face confrontation, Durr called him a liar and a thief and made an offensive remark about his Italian heritage.

Pacitti and Cinquegrana filed suit against Durr in the Western District of Pennsylvania, where Durr maintains his principle residence. As noted earlier, Pacitti alleges state law claims for defamation, invasion of privacy, and ethic intimidation, and Cinquegrana alleges a claim for defamation.[1] The District Court granted summary judgment to Durr on all of the claims and issued a thorough explanation of its holding. The Court applied Pennsylvania law and concluded that the communications that formed the basis for Pacitti's defamation claims, to the extent they could be attributed to Durr, were either substantially true, or privileged, or not capable of defamatory meaning. The Court further determined that Pacitti had failed to produce sufficient evidence to establish his claim for invasion of privacy. Finally, the Court held that, because Pacitti had not established any of the offenses that are a prerequisite for a claim of ethnic intimidation, he

_____

[1]Plaintiffs also filed claims for harassment and conspiracy. Those claims, however, were dismissed by the District Court early in this litigation and are not mentioned by Plaintiffs in this appeal.

3

could not maintain that claim either.  As to Cinquegrana's defamation claim, the Court determined that the communications complained of, to the extent not already addressed by the analysis pertaining to Pacitti's claims, were only published to Cinquegrana himself, not to any third party, and therefore could not be defamatory.  Pacitti and Cinquegrana filed a timely notice of appeal and now argue that the District Court erred in granting Durr's motion for summary judgment.

## II.    Discussion[2]

### A.    Defamation

Applying Pennsylvania law, the District Court granted summary judgment to Durr on Plaintiffs' defamation claims, largely on the basis of two defenses: privilege and truth.[3] To establish a defamation claim under Pennsylvania law, Plaintiffs needed to prove that Durr published defamatory material in a negligent manner.  *American Future Sys., Inc. v. BBB of Eastern Pa.,* 923 A.2d 389, 400 (Pa. 2007); *see also Joseph v. Scranton Times L.P.*, 959 A.2d 322, 342 (Pa.Super. 2008).  Negligence in this context is the publication of

---

2 The District Court had diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332.  We have appellate jurisdiction over the District Court's final order, under 28 U.S.C. § 1291, and exercise plenary review over the District Court's decision to grant summary judgment.  *Dee v. Borough of Dunmore*, 549 F.3d 225, 229 (3d Cir. 2008). Summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

3The Court also correctly noted and relied on the lack of defamatory meaning of certain statements as to which Pacitti complained.

4

information with a want of reasonable care to ascertain the truth. *Joseph,* 959 A.2d at 342 (citing *Rutt v. Bethlehems' Globe Publ'g Co.*, 484 A.2d 72, 83 (Pa.Super. 1984)). Although Pennsylvania law has historically recognized a conditional privilege for "[c]ommunications which are made on a proper occasion, from a proper motive, in a proper manner, and which are based upon reasonable cause," *Moore v. Cobb-Nettleton*, 889 A.2d 1262, 1268 (Pa.Super. 2005) (citation omitted), a plaintiff can, by establishing negligence, show that the defendant abused any such privilege. *See Banas v. Matthews International Corp.*, 502 A.2d 637, 638-39 (Pa.Super. 1985). Thus, under current Pennsylvania law, a showing of negligence is both required for a plaintiff to prove a defamation claim and sufficient for a plaintiff to overcome the conditional privilege provided by state law. *See American Future Sys.*, 923 A.2d at 397. The Pennsylvania Supreme Court recently noted that, because a plaintiff can overcome state law conditional privileges simply by proving a defamation claim, the conditional privileges have "lost their significance" and become "superfluous." *Id.* at 397-98 (citation omitted).

Although the District Court discussed certain communications in terms of conditional privilege, the Court correctly analyzed them according to the dispositive negligence standard, saying, for example, that no reasonable finder of fact could conclude that Durr had been negligent in making them. (District Court Op. at 30.)

Moreover, in Pennsylvania truth is an absolute defense to a defamation claim and a defendant need only show substantial, rather than complete, truth. *See Bobb v. Kraybill*,

5

511 A.2d 1379, 1380 (Pa.Super. 1986) (citation omitted). In its detailed opinion, the District Court set forth the bases for its conclusion that various written communications[4] of which the Plaintiffs complain were substantially true. In effect, the Court held that no reasonable juror could conclude that the Plaintiffs' evidence supports a finding that the communications were not substantially true. On this record, that conclusion is sound.

### B. Invasion of Privacy and Ethnic Intimidation

The District Court fully and correctly analyzed Pacitti's invasion of privacy and ethnic intimidation[5] claims, and no further discussion of them is required.

## III. Conclusion

For the foregoing reasons, the judgment of the District Court will be affirmed.

---

[4] In its analysis of Plaintiffs' defamation claims, the District Court did not address the allegations regarding Durr's oral statements. Neither have Plaintiffs argued on appeal that those statements were defamatory. Plaintiffs have, instead, limited their arguments on the defamation claims to the various written statements. Therefore, we too have limited our defamation analysis to Durr's letters and memoranda.

[5] Under Pennsylvania law, an ethnic intimidation claim must be based on an underlying offense. 18 Pa.C.S. § 2710(a); *see Pennsylvania v. Robinson*, 936 A.2d 107, 109 (Pa.Super. 2007). In this case, Pacitti alleges that Durr harassed him, in violation of 18 Pa.C.S. § 2709 (a)(3). The District Court correctly determined that Pacitti could not establish harassment and therefore could not maintain his ethnic intimidation claim.