OPINION OF THE COURT
JORDAN, Circuit Judge.
Aaron C. Boring and Christine Boring appeal from an order of the United States District Court for the Western District of Pennsylvania dismissing their complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, we affirm in part and reverse in part.
I. Background
On April 2, 2008, the Borings commenced an action in the Court of Common Pleas of Allegheny County, Pennsylvania against Google, Inc., asserting claims for invasion of privacy, trespass, injunctive relief, negligence, and conversion. The Bor-.ings sought compensatory, incidental, and consequential damages in excess of $25,000 for each claim, plus punitive damages and attorney’s fees.
The Borings’ claims arise from Google’s “Street View” program, a feature on Google Maps[1] that offers free access on the Internet to panoramic, navigable views of streets in and around major cities across the United States. To create the Street View program, representatives of Google attach panoramic digital cameras to passenger cars and drive around cities photographing the areas along the street. According to Google, “[t]he scope of Street View is public roads.” (Appellee’s Ans. Br. at 10.) Google allows individuals to report and request the removal of inappropriate images that they find on Street View.
The Borings, who live on a private road in Pittsburgh, discovered that Google had taken “colored imagery of their residence, including the swimming pool, from a vehicle in their residence driveway months earlier without obtaining any privacy waiver or authorization.” (App. at A81.) They allege that their road is clearly marked with a “Private Road, No Trespassing” sign (Appellants’ Op. Br. at 11), and they contend that, in driving up their road to take photographs for Street View and in making those photographs available to the public, Google “disregarded [their] privacy interest.” (Id.)
On May 21, 2008, Google invoked diversity jurisdiction, removed the action to the United States District Court for the Western District of Pennsylvania, and filed a motion to dismiss. The Borings then filed an amended complaint, substituting a claim for unjust enrichment for their earli *277 er conversion claim.[2] On August 14, 2008, Google again moved to dismiss the Borings’ complaint for failure to state a claim.
On February 17, 2009, the District Court granted Google’s motion to dismiss as to all of the Borings’ claims. The Court dismissed the invasion of privacy claim because the Borings were unable to show that Google’s conduct was highly offensive to a person of ordinary sensibilities. Boring v. Google, Inc., 598 F.Supp.2d 695, 699-700 (W.D.Pa.2009). The Court dismissed the negligence claim because it found that Google did not owe a duty to the Borings. Id. at 701. In dismissing the trespass claim, the Court held that “the Borings have not alleged facts sufficient to establish that they suffered any damages caused by the alleged trespass.” Id. at 702. The Court found the unjust enrichment claim wanting because the parties had no relationship that could be construed as contractual and the Borings did not confer anything of value upon Google. Id. at 703. The Court also held that the Borings had failed to plead a plausible claim for injunctive relief under Pennsylvania’s “demanding” standard for a mandatory injunction, and dismissed the punitive damages claim because the Borings failed to “allege facts sufficient to support the contention that Google engaged in outrageous conduct.” Id. at 701 n. 3, 704. In sum, the Court concluded that the Borings “failed to state a claim under any count” and that “any attempted amendment would be futile.” Id. at 698, 704 n. 8.
The Borings moved for reconsideration, asserting that it was error to dismiss their trespass and unjust enrichment claims, as well as their request for punitive damages. The District Court denied the motion. Boring v. Google, Civ. A. No. 08-694, 2009 WL 931181 (W.D.Pa. Apr. 6, 2009). The Court again said that the Borings had failed to allege conduct necessary to support a punitive damages award. 2009 WL 931181, at *2. It also declined to reconsider the dismissal of the unjust enrichment claim because the Borings did not point to any flaw in the Court’s disposition of that claim. Id. Finally, the Court addressed the Borings’ trespass claim only to “eliminate any possibility that the language in [its opinion] might be read to suggest that damages are part of a prima facie case for trespass.” Id., at *1. To clarify, the Court explained that it had dismissed the trespass claim because the Borings had “failed to allege facts sufficient to support a plausible claim that they suffered any damage as a result of the trespass” and because they failed to request nominal damages in their complaint. Id., at *1.
The Borings filed a timely notice of appeal from both the District Court’s order granting the motion to dismiss and the subsequent denial of their motion for reconsideration.
II. Discussion[3]
A. Standard of Review
We conduct a de novo review of a Rule 12(b)(6) dismissal of a complaint. See Phillips v. County of Allegheny, 515 F.3d 224, 230 (3d Cir.2008). The Federal Rules of Civil Procedure require that a complaint contain “a short and plain statement of the claim showing that the pleader is entitled to relief.” Fed.R.Civ.P. 8(a)(2). To avoid *278 dismissal, the complaint must set forth facts that raise a “plausible inference” that the defendant inflicted a legally cognizable harm upon the plaintiff. Ashcroft v. Iqbal, — U.S. -, 129 S.Ct. 1937, 1952, 173 L.Ed.2d 868 (2009); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (explaining that a plaintiff must “identify!] facts that are suggestive enough to render [his claim] plausible”); Phillips, 515 F.3d at 234 (stating that “a plaintiff must ‘nudge [his or her] claims across the line from conceivable to plausible’ in order to survive a motion to dismiss”) (citations omitted). Conclusory allegations of liability do not suffice. See Iqbal, 129 S.Ct. at 1950 (opining that the federal pleading standard “marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions”). We must disregard “formulaic recitation of the elements of a cause of action....” Twombly, 550 U.S. at 555, 127 S.Ct. 1955.
A court confronted with a Rule 12(b)(6) motion must accept the truth of all factual allegations in the complaint and must draw all reasonable inferences in favor of the non-movant. Gross v. German Found. Indus. Initiative, 549 F.3d 605, 610 (3d Cir.2008). Legal conclusions receive no such deference, and the court is “not bound to accept as true a legal conclusion couched as a factual allegation.” Papas an v. Attain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (cited with approval in Twombly, 550 U.S. at 555, 127 S.Ct. 1955 (citations omitted)). Although a plaintiff may use legal conclusions to provide the structure for the complaint, the pleading’s factual content must independently “permit the court to infer more than the mere possibility of misconduct.” Iqbal, 129 S.Ct. at 1950. In short, when the well-pleaded complaint does not permit us “to infer more than the mere possibility of misconduct,” the pleader is not entitled to relief. Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir.2009) (quoting Iqbal, 129 S.Ct. at 1949).
On appeal, the Borings contend that the District Court erred in dismissing their invasion of privacy, trespass, unjust enrichment, and punitive damages claims, as well as their request for injunctive relief. We address each claim in turn.
B. Invasion of Privacy
Pennsylvania law recognizes four torts under the umbrella of invasion of privacy: “[1] unreasonable intrusion upon the seclusion of another; [2] appropriation of another’s name or likeness; [3] unreasonable publicity given to another’s private life; and [4] publicity that unreasonably places the other in a false light before the public.” See Burger v. Blair Med. Assocs., Inc., 600 Pa. 194, 964 A.2d 374, 376-77 (2009) (citing Restatement (Second) of ToRts §§ 652B-E (1977)). The District Court treated the Borings’ complaint as asserting claims for both intrusion upon seclusion and publicity to private life, and it held that the complaint failed to state a claim for either, focusing on the lack of facts in the complaint to support a conclusion that the Street View images would be highly offensive to a reasonable person. The Borings contend that the District Court was wrong to decide, on a 12(b)(6) motion to dismiss, that “a reasonable person would not be highly offended” after having discovered, as the Borings did, that someone “entered onto secluded private property [and] took 360 [degree] pictures .... ” (Appellants’ Op Br. at 19.)
i. Intrusion upon Seclusion
To state a claim for intrusion upon seclusion, plaintiffs must allege conduct *279 demonstrating “an intentional intrusion upon the seclusion of their private concerns which was substantial and highly offensive to a reasonable person, and aver sufficient facts to establish that the information disclosed would have caused mental suffering, shame or humiliation to a person of ordinary sensibilities.” Pro Golf Mfg., Inc. v. Tribune Review Newspaper Co., 570 Pa. 242, 809 A.2d 243, 247 (2002) (citations omitted). Publication is not an element of the claim, and thus we must examine the harm caused by the intrusion itself. See Borse v. Piece Goods Shop, Inc., 963 F.2d 611, 621 (3d Cir.1992).
No person of ordinary sensibilities would be shamed, humiliated, or have suffered mentally as a result of a vehicle entering into his or her ungated driveway and photographing the view from there. The Restatement cites knocking on the door of a private residence as an example of conduct that would not be highly offensive to a person of ordinary sensibilities. See Restatement (Second) of ToRts, § 652B cmt. d. The Borings’ claim is pinned to an arguably less intrusive event than a door knock. Indeed, the privacy allegedly intruded upon was the external view of the Borings’ house, garage, and pool — a view that would be seen by any person who entered onto their driveway, including a visitor or a delivery man. Thus, what really seems to be at the heart of the complaint is not Google’s fleeting presence in the driveway, but the photographic image captured at that time. The existence of that image, though, does not in itself rise to the level of an intrusion that could reasonably be called highly offensive.[4]
Significantly, the Borings do not allege that they themselves were viewed inside their home, which is a relevant factor in analyzing intrusion upon seclusion claims. See, e.g., Pacitti v. Durr, Civ. A. No. 05-317, 2008 WL 793875, at *26 (W.D.Pa. Mar. 24, 2008) (holding that no reasonable person would find the fact that defendant entered into plaintiffs condominium to speak with a third party highly offensive because plaintiff was not in the condominium at the time), aff'd, 310 Fed.Appx. 526 (3d Cir.2009); GTE Mobilnet of S. Texas Ltd. P’ship v. Pascouet, 61 S.W.3d 599, 618 (Tex.App.2001) (finding that “the mere fact that maintenance workers ... look[ed] over into the adjoining yard is legally insufficient evidence of highly offensive conduct.”).
The Borings suggest that the District Court erred in determining what would be highly offensive to a person of ordinary sensibilities at the pleading stage, but they do not cite to any authority for this proposition. Courts do in fact, decide the “highly offensive” issue as a matter of law at the pleading stage when appropriate. See, e.g., Diaz v. D.L. Recovery Corp., 486 F.Supp.2d 474, 475-480 (E.D.Pa.2007) (denying defendant’s motion to dismiss as to plaintiffs invasion of privacy claim because allegations that debt collector called debtor at her home stating he would “repossess all of her household belongings and even her car” stated a claim for invasion of privacy). The Borings also suggest that the Court erred in expressing skepticism about whether the Borings were actually offended by Google’s conduct in light of the Borings’ public filing of the present lawsuit. However, the District Court’s comments came after the Court had already concluded that Google’s conduct would not be highly offensive to a person of ordinary sensibilities. Thus, the Court *280 properly applied an objective standard in deciding whether the conduct was highly offensive.[5]
In sum, accepting the Borings’ allegations as true, their claim for intrusion upon seclusion fails as a matter of law, because the alleged conduct would not be highly offensive to a person of ordinary sensibilities.
ii. Publicity Given to Private Life
To state a claim for publicity given to private life, a plaintiff must allege that the matter publicized is “(1) publicity, given to (2) private facts, (3) which would be highly offensive to a reasonable person, and (4) is not of legitimate concern to the public.” Harris by Harris v. Easton Pub. Co., 335 Pa.Super. 141, 483 A.2d 1377, 1384 (1984) (citing Restatement (Second) of Torts § 652D). For the reasons just described with respect to the intrusion upon seclusion claim, we agree with the District Court that the Borings have failed to allege facts sufficient to establish the third element of a publicity to private life claim, i.e., that the publicity would be highly offensive to a reasonable person. It is therefore unnecessary to address the other three prongs.[6]
In conclusion, accepting the Borings’ allegations as true, their claim for publicity given to private life fails as a matter of law, because the alleged conduct would not be highly offensive to a person of ordinary sensibilities.
C. Trespass
The District Court dismissed the Bor-ings’ trespass claim, holding that trespass was not the proximate cause of any compensatory damages sought in the complaint and that, while nominal damages are generally available in a trespass claim, the Borings did not seek nominal damages in their complaint. While the District Court’s evident skepticism about the claim may be understandable, its decision to dismiss it under Rule 12(b)(6) was erroneous.
Trespass is a strict liability tort, “both exceptionally simple and exceptionally rigorous.” Prosser on Torts at 63 (West, 4th ed.1971). Under Pennsylvania law, it is defined as an “unprivileged, intentional intrusion upon land in possession of another.” Graham Oil Co. v. BP Oil Co., 885 F.Supp. 716, 725 (W.D.Pa.1994) (citing Kopka v. Bell Tel. Co., 371 Pa. 444, 91 A.2d 232, 235 (1952)). Though claiming not to have done so, it appears that the District Court effectively made damages an element of the claim, and that is problematic, since “[o]ne who intentionally enters land in the possession of another is subject to liability to the possessor for a trespass, although his presence on the land causes no harm to the land, its possessor, or to any thing or person in whose security the possessor has a legally protected interest.” *281 Restatement (Second) Torts § 163; see also Corr. Med. Care, Inc. v. Gray, Civ. A. No. 07-2840, 2008 WL 248977, *11 (E.D.Pa. Jan. 30, 2008) (holding that a complaint alleging that defendants entered into plaintiffs’ home on specified dates was “sufficient to survive a motion to dismiss under Pennsylvania trespass law.”).
Here, the Borings have alleged that Google entered upon their property without permission. If proven, that is a trespass, pure and simple. There is no requirement in Pennsylvania law that damages be pled, either nominal or consequential.[7] Cf. 1 Stein on Personal Injury Damages § 1.3 (3d ed.2009) (“harm is not a prerequisite to a cause of action [for trespass,] and nominal damages can be awarded [even though] there has been and will be no substantial harm.”); 75 Am.Jur.2d Trespass § 112 (2009) (“[I]n the absence of proven or actual damages, plaintiffs are entitled to nominal damages in an action for trespass.” (citations omitted)). It was thus improper for the District Court to dismiss the trespass claim for failure to state a claim. Of course, it may well be that, when it comes to proving damages from the alleged trespass, the Borings are left to collect one dollar and whatever sense of vindication that may bring, but that is for another day.[8] For now, it is enough to note that they “bear the burden of proving that the trespass was the legal cause, i.e., a substantial factor in bringing about actual harm or damage” C & K Coal Co. v. United Mine Workers of Am., 537 F.Supp. 480, 511 (W.D.Pa.1982), rev’d in part on other grounds, 704 F.2d 690, 699 (3d Cir.1983), if they want more than a dollar.
D. Unjust Enrichment
To succeed on a claim of unjust enrichment, a plaintiff must allege facts sufficient to establish “benefits conferred on defendant by plaintiff, appreciation of such benefits by defendant, and acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value.” Lackner v. Glosser, 892 A.2d 21, 34 (Pa.Super.Ct.2006) (quotation omitted). Typically, with an unjust enrichment claim, a “plaintiff seeks to recover from defendant for a benefit conferred under an unconsummated or void contact,” and the law then implies a quasi-contract which requires the defendant to compensate the plaintiff for the value of the benefit conferred. See Steamfitters Local Union No. 4-20 Welfare Fund v. Philip Morris, Inc., 171 F.3d 912, 936 (3d Cir.1999) (citations omitted); Hershey Foods Corp. v. Ralph Chapek, Inc., 828 F.2d 989, 998-99 (3d Cir.1987).
The District Court dismissed the Bor-ings’ unjust enrichment claim after finding that they had not alleged any relationship *282 between themselves and Google that could be construed as contractual, and because “it cannot be fairly said that the Borings conferred anything of value upon Google.” (App. at A12-A13.) The Court further held that the unjust enrichment claim failed because the Borings had not adequately alleged any other tort, and Pennsylvania does not recognize unjust enrichment as a stand-alone tort.
We agree that the facts alleged by the Borings provide no basis for an unjust enrichment claim against Google. The complaint not only fails to allege a void or unconsummated contract, it does not allege any benefit conferred upon Google by the Borings, let alone a benefit for which the Borings could reasonably expect to be compensated. The complaint alleges that Google committed various torts when it took photographs of the Borings’ property without their consent. The complaint does not allege, however, that the Borings gave or that Google took anything that would enrich Google at the Borings’ expense. An unjust enrichment “claim makes sense in cases involving a contract or a quasi-contract, but not, as here, where plaintiffs are claiming damages for torts committed against them by [the] defendant ].”[9] Romy v. Burke, No. 1236, 2003 WL 21205975, at *5 (Pa. Com. Pl. Philadelphia May 2, 2003).
E. Injunctive Relief
Pennsylvania law provides that in order to establish the right to injunctive relief, a plaintiff must “establish that his right to relief is clear, that an injunction is necessary to avoid an injury that cannot be compensated by damages, and that greater injury will result from refusing rather than granting the relief requested.” Kuznik v. Westmoreland County Bd. of Comm’rs, 588 Pa. 95, 902 A.2d 476, 489 (2006) (citing Harding v. Stickman, 823 A.2d 1110, 1111 (Pa.Commw.Ct.2003)). An injunction is an extraordinary remedy. See Ambrogi v. Reber, 932 A.2d 969, 974 (Pa.Super.Ct.2007).
The District Court held that the complaint failed to set out facts supporting a plausible claim of entitlement to injunctive relief. We agree that the Borings have not alleged any claim warranting injunctive relief. The complaint claims nothing more than a single, brief entry by Google onto the Borings’ property. Importantly, the Borings do not allege any facts to suggest injury resulting from Google’s retention of the photographs at issue, which is unsurprising since we are told that the allegedly offending images have long since been removed from the Street View program.
F. Punitive Damages
Pennsylvania law provides that a defendant must have engaged in “outrageous” or “intentional, reckless or malicious” conduct to sustain a claim for punitive damages. Feld v. Merriam, 506 Pa. 383, 485 A.2d 742, 747-48 (1984). Indeed, “punitive damages cannot be based upon ordinary negligence.” Hutchinson ex rel. Hutchinson v. Buddy, 946 A.2d 744, 747 (Pa.Super.Ct.2008).
*283 The Borings’ complaint fails to allege conduct that is outrageous or malicious. There is no allegation that Google intentionally sent its driver onto their property or that Google was even aware that its driver had entered onto the property. Moreover, there are no facts suggesting that Google acted maliciously or recklessly or that Google intentionally disregarded the Borings’ rights.
The Borings argue that a claim for punitive damages must always be determined by a jury, after discovery. But courts do indeed dismiss claims for punitive damages in advance of trial. See Phillips v. Cricket Lighters, 584 Pa. 179, 883 A.2d 439, 445, 447 (2005) (reversing a denial of summary judgment as to a punitive damages claim because “[a] showing of mere negligence, or even gross negligence, will not suffice to establish that punitive damages should be imposed”); Feld, 485 A.2d at 748 (holding that submission of punitive damages issue to jury was error).[10] And, under the pleading standards we are bound to apply, there is simply no foundation in the complaint for a demand for punitive damages. Cf. Iqbal, 129 S.Ct. at 1950 (explaining that while a plaintiff may use legal conclusions to provide the structure for the complaint, the pleading’s factual content must independently “permit the court to infer more than the mere possibility of misconduct”); Twombly, 550 U.S. at 556, 127 S.Ct. 1955 (explaining that a plaintiff must “identify[ ] facts that are suggestive enough to render [his claim] plausible”).
III. Conclusion
For the foregoing reasons, we will affirm the District Court’s grant of Google’s motion to dismiss the Borings’ claims for invasion of privacy, unjust enrichment, in-junctive relief, and punitive damages. We reverse, however, with respect to the trespass claim, and remand with instructions that the District Court permit that claim to go forward.

. Google Maps is a service offered by Google that “gives users the ability to look up addresses, search for businesses, and get point-to-point driving directions — all plotted on interactive street maps....” (App. at A5.)

. For ease of reference, the amended complaint is referred to herein simply as the "complaint.”

. Google timely removed the action to the District Court pursuant to 29 U.S.C. §§ 1441 and 1446. The District Court exercised diversity jurisdiction under 28 U.S.C. § 1332. We have appellate jurisdiction over the final orders of the District Court under 28 U.S.C. § 1291.

. Though not pertinent to our decision, we note Google's assertion, which is not seriously contested by the Borings, that the Street View photograph is similar to a view of the Bor-ings' house that was once publicly available online through the County Assessor’s website.

. Google spends much time arguing that the Borings' driveway was not actually a private place sufficient to sustain an invasion of privacy claim. It notes that numerous courts have found no intrusion upon seclusion based upon a view that can be seen from the outside of the home, and points to the fact that images of the Borings' home were already available on the Internet. Because we conclude that the alleged conduct would not be highly offensive to a person of ordinary sensibilities, we need not decide whether the Borings’ driveway was a "private place" for purposes of an invasion of privacy claim.

. We note, however, that the facts revealed may not actually be “private facts,” as required by prong 2, because the Borings’ property allegedly is or recently was available to public view by virtue of tax records and maps on other Internet sites. See Strickland v. Univ. of Scranton, 700 A.2d 979, 987 (Pa.Super.Ct.1997) (explaining that "a matter which was of public record [was] not a private fact").

. The District Court cited to a single case from 1899 to support its claim that plaintiffs in a trespass case are required to plead nominal damages. However, the case it cited was not a trespass case. See Morris & Essex Mut. Coal Co. v. Del., L. & W.R. Co., 190 Pa. 448, 42 A. 883, 884 (1899). In fact, that case is expressly inapplicable to this case. See id. (“The whole proceeding was to recover damages based, not upon a wrongful invasion of plaintiff's [property] rights, but upon an act of assembly which authorized the taking of the property.”). Similarly, none of the cases cited by Google in its brief are trespass cases. In fact, Google itself indicates the possibility that we may have to remand the case to proceed with a nominal damages trespass claim. While it may be true that for some claims, the failure to seek nominal damages waives a claim for nominal damages, that is not the case with trespass claims.

. We imply nothing about whether the claim would survive summary judgment, either as to liability or damages, or about the limits on proof that may be appropriate.

. Because we find that the Borings stated a claim for trespass (see supra, Section Il.C.ii) and thus survived a 12(b)(6) motion to dismiss as to that claim, we need not address whether unjust enrichment is a stand-alone tort under Pennsylvania law. Instead, we hold that the Borings have failed to state a claim for unjust enrichment, regardless of whether it is a stand-alone tort, because they have failed to allege facts sufficient to establish a benefit conferred upon Google by the Borings. Thus, on remand, the Borings are not entitled to recover under their unjust enrichment claim.

. Appellants rely on two cases to argue that punitive damages must always be determined by a jury after discovery: Kirkbride v. Lisbon Contractors, Inc., 521 Pa. 97, 555 A.2d 800 (1989), and Jacque v. Steenberg Homes, Inc., 209 Wis.2d 605, 563 N.W.2d 154 (1997). Kirkbride addressed whether a punitive damages award must bear a reasonable relationship to the compensatory award, rather than addressing what kind of conduct must be alleged in order to survive a 12(b)(6) motion to dismiss on a punitive damages claim. 555 A.2d at 801. The Jacque case, in addition to having no binding authority on our Court, addressed whether a punitive damages claim may be awarded in connection with a trespass claim, where nominal damages had been awarded and the trespass was committed "for an outrageous purpose but no significant harm resulted." 563 N.W.2d at 161. Thus, that court did not hold that the issue of punitive damages must always go to the jury.