**[J-59A-2022 and J-59B-2022] [MO: Donohue, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| THE BERT COMPANY D/B/A NORTHWEST INSURANCE SERVICES | : | No. 13 WAP 2022 |
| | : | |
| | : | Appeal from the Order of the |
| | : | Superior Court entered May 5, 2021 |
| v. | : | at No. 817 WDA 2019, affirming the |
| | : | Judgment of the Court of Common |
| | : | Pleas of Warren/Forest County |
| MATTHEW TURK, WILLIAMS COLLINS, | : | entered June 3, 2019 at No. AD 260 |
| JAMIE HEYNES, DAVID MCDONNELL, | : | of 2017 |
| FIRST NATIONAL INSURANCE AGENCY, | : | |
| LLC, FIRST NATIONAL BANK, AND FNB | : | |
| CORPORATION | : | ARGUED: October 25, 2022 |
| | : | |
| | : | |
| APPEAL OF: MATTHEW TURK, FIRST | : | |
| NATIONAL INSURANCE AGENCY, LLC, | : | |
| FIRST NATIONAL BANK, AND FNB | : | |
| CORPORATION | : | |

| | | |
|---|---|---|
| THE BERT COMPANY D/B/A NORTHWEST INSURANCE SERVICES | : | No. 14 WAP 2022 |
| | : | |
| | : | Appeal from the Order of the |
| | : | Superior Court entered May 5, 2021 |
| v. | : | at No. 975 WDA 2019, dismissing as |
| | : | moot the cross-appeal from the |
| | : | Judgment of the Court of Common |
| MATTHEW TURK, WILLIAM COLLINS, | : | Pleas of Warren/Forest County |
| JAIME HEYNES, DAVID MCDONNEL, | : | entered June 3, 2019 at No. AD 260 |
| FIRST NATIONAL INSURANCE AGENCY, | : | of 2017 |
| LLC, FIRST NATIONAL BANK AND FNB | : | |
| CORPORATION | : | ARGUED: October 25, 2022 |
| | : | |
| | : | |
| MATTHEW TURK | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| | : | |

THE BERT COMPANY, NORTHWEST          :
BANK, AND NORTHWEST                  :
BANCSHARES, INC.                     :
                                     :
APPEAL OF: MATTHEW TURK, FIRST       :
NATIONAL INSURANCE AGENCY, LLC,      :
FIRST NATIONAL BANK, AND FNB         :
CORPORATION                          :

## CONCURRING OPINION

**JUSTICE DOUGHERTY**                          **DECIDED: JULY 19, 2023**

I join the majority's well-reasoned opinion in full. I write separately only to emphasize that courts may ordinarily consider a defendant's wealth when evaluating whether a punitive damages award is excessive. *See* Restatement (Second) of Torts §908(2) (1979) ("In assessing punitive damages, the trier of fact can properly consider the character of the defendant's act, the nature and extent of the harm to the plaintiff that the defendant caused or intended to cause and **the wealth of the defendant.**") (emphasis added); *and Feld v. Merriam,* 485 A.2d 742, 747 (Pa. 1984) (adopting §908(2)). *See also* Majority Opinion at 25. A defendant's wealth is "relevant, since the purposes of exemplary damages are to punish for a past event and to prevent future offenses, and the degree of punishment or deterrence resulting from a judgment is to some extent in proportion to the means of the guilty person." Restatement (Second) of Torts §908(2) cmt. e.

In my view, it is simple common sense that "if a wealthy person commits a rather heinous act, nominal punitive damages will not deter either that person or any other similarly situated person from committing a similar act. . . . If the resulting punishment is relatively small when compared to the potential reward of his actions, it might then be feasible for a tortfeasor to attempt the same outrageous conduct a second time." *Kirkbride v. Libson Contractors, Inc.,* 555 A.2d 800, 802-03 (Pa. 1989). Stated differently,

if a wealthy defendant can absorb a punitive damages award without suffering financial discomfort, the deterrent purpose of the award is undermined. After all, how can punitive damages possibly deter future wrongdoing if a massive award represents a mere fraction of the defendant's actual worth? A company which generates millions of dollars every year can comfortably pay hundreds of thousands of dollars assessed against it – even if the same figure would be unreasonably high when levied against the average person. Because such damages are intended to inflict financial "pain" as punishment, and thus deter similar future conduct, the wealthier the defendant, the larger the monetary loss required to have that deterrent effect.

It is true the "wealth of a defendant cannot justify an otherwise unconstitutional punitive damages award." *State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 427 (2003). Although evidence of great wealth may "provide[] an open-ended basis for inflating awards . . . [t]hat does not make its use unlawful or inappropriate; it simply means that this factor cannot make up for the failure of other factors, such as 'reprehensibility,' to constrain significantly an award that purports to punish a defendant's conduct." *BMW of North America, Inc. v. Gore,* 517 U.S. 559, 591 (1996) (Breyer, J., concurring). The jury's award in the present case reflected the reprehensibility of the defendants' conduct in engaging in a brazen conspiracy "to steal a corporation," and consideration of their wealth in assessing the award's excessiveness is proper.